# Phillips' Appeal.

*Elections—Election contest—Recount by county commissioners—Appeals—Primary election—Act of July 12, 1913, P. L. 719.*

Where two candidates at a primary election each presented to the court petitions for a recount of the ballots on account of alleged frauds in certain named election precincts, and the court upon an appeal, by one of the candidates, from the recount of the county commissioners inquired only into the frauds alleged in the districts covered by the petition of the appellant, and threw out sufficient votes to give the appellant the nomination, the candidate returned by the county commissioners as nominated had no standing to urge that the court should continue the inquiry so as to include an investigation into the precincts covered by the petition, which he had originally filed in the court, where he failed to appeal from the recount of the county commissioners within the time prescribed by the statute.

Argued September 30, 1918. Appeal, No. 106, Jan. T., 1919, from order of C. P. Lackawanna Co., Oct. T., 1918, No. 109, setting aside returns of certain election districts on appeal from recount of the county commissioners, in the case of Computation of Vote Cast at the Primary Election held May 21, 1918, for the Office of Senator of Lackawanna County. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Appeal from election contest. Before NEWCOMB, J.

The facts appear by the opinion of the Supreme Court.

The court found that Albert J. Davis was duly nominated as a candidate for senator for the Twenty-second Senatorial District. David W. Phillips appealed.

*Errors assigned,* among others, were in setting aside the returns of certain election districts, and in refusing to investigate the alleged frauds in the election precincts covered by the petition of appellant.

*Clarence Balentine,* with him *George W. Benedict* and *John B. Jordan,* for appellant.

*David J. Reedy,* with him *John R. Edwards,* for appellee.

OPINION BY MR. JUSTICE FOX, October 9, 1918:

David W. Phillips, the appellant, and Albert J. Davis, appellee, at the primary election held in May, 1918, were candidates for the Republican nomination for the office of senator of the Twenty-second Senatorial District of Pennsylvania. On the face of the returns as computed by the county commissioners, Phillips received the nomination by a majority over his opponent of 234 votes.

On June 3, 1918, the appellee Davis presented a petition to the Court of Common Pleas of Lackawanna County alleging fraud and irregularities in ten election

precincts in said county and the court in accordance with the provisions of the Act of 1913, P. L. 719, ordered the county commissioners to open the ballot boxes of the said precincts and to recount the votes.

The next day a similar petition was presented on behalf of Phillips, the appellant, alleging fraud and irregularities in seventeen other election precincts and a similar order was made referring it to the county commissioners.

The county commissioners proceeded to open the ballot boxes of all the precincts specified in both petitions and to recount the votes cast for senator. They declined, however, to investigate any fraud or other irregularity in any of the precincts named in either petition. Without this investigation and simply upon the recount of the ballots the county commissioners found that Phillips had a majority of 222 votes instead of 234. Davis thereupon appealed to the Court of Common Pleas within the time prescribed by the statute. Phillips did not appeal. Upon the hearing of this appeal the court inquired into the frauds alleged in the districts covered by the Davis petition, finding as the learned president judge of the court below said in his opinion, that the proof revealed "a state of things which is well calculated to shock the moral sense of the community beyond the power of adequate expression."

After this hearing had proceeded for about a week and the time fixed by the statute for an appeal from the decision of the county commissioners by "any person aggrieved" had fully expired Phillips presented a petition asking the court to continue the inquiry so as to include an investigation into the precincts covered in the petition which he had originally filed in the court averring that gross frauds were also perpetrated in these several precincts. The court declined to make the investigation, holding, very properly, that Phillips having failed, "as a person aggrieved," to appeal from the decision of the county commissioners within the time prescribed by the

act the court was without power or jurisdiction to make further inquiry. The failure of Phillips to appeal was a natural mistake but none the less fatal. The county commissioners in their recount had given Phillips the nomination. He failed to realize that an appeal by Davis and a further investigation by the court might change that result. The court accordingly, both judges concurring, threw out 753 votes for Phillips and 136 for Davis, giving Davis the nomination by a majority of 409.

In this there was no error. When the commissioners, who, under the order of the court, were given most ample powers to investigate frauds alleged, refused to do so it was obviously the duty of the appellant to appeal to the court from their decision. He was aggrieved by the act of the commissioners when they certified his nomination. He should have received credit for every vote to which he was entitled no matter what his majority. But as he failed to appeal the court was without power to grant the relief prayed for in the petition which he ultimately presented.

It is urged, however, that the appeal by Davis afforded the appellant an opportunity to have a general investigation as to any frauds which may have been committed in any portion of the senatorial district. The argument of the appellant is based upon the theory that the fifteenth section of the Act of July 12, 1913, P. L. 719, provides that the court is "to hear and determine all matters pertaining to any fraud or error committed in said election precinct, division or district and to make such decree as right and justice may require." Under the authority of Braddock Borough Election Case, 251 Pa. 110, the appellant contends that "election district" refers to the senatorial district and that if there is an appeal pending relating to the investigation of fraud in any precinct it throws open the door wide to the investigation of fraud all over this district. In the Braddock Borough case all that is decided is that it is not essential that the voters who present the petition for a recount should be residents

of the actual precinct in which the fraud is committed but that affords no ground for holding that the language of the Act of 1913 above quoted justifies the position of the appellant. This phrase in section 15 must be read in conjunction with the same phrase occurring earlier in the same section. It will there be seen that the act provides that upon the sworn petition of five qualified electors of any election precinct, division or district that any act, fraud or error has been committed "in any election precinct, division or district of the county" the court shall have power to make the order for an investigation. The phrase "district of the county," therefore, must be read into the latter clause of the section quoted above and this shows clearly that the contention of the appellant is not one that can be sustained. The clause obviously refers to the voting precincts or districts which go to make up an entire county and is not used in the larger or more comprehensive sense sustaining the construction urged by the appellant.

The assignments of error are, therefore, overruled and the judgment of the lower court affirmed.